UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CLARENCE WATSON HERNDON,

    Plaintiff,

v.                                                    Case No. 1:15-CV-1183

DANIEL HEYNS and                             HON. GORDON J. QUIST
WILLIE O. SMITH,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      Plaintiff, a state prisoner confined with the Michigan Department of Corrections (MDOC), filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Daniel Heyns and Willie O. Smith, alleging that they violated his rights under the Eighth Amendment by continuing Plaintiff's status in the Interim Care Program (ICP), which Plaintiff alleges is essentially indefinite administrative segregation—the MDOC's version of solitary confinement. (ECF No. 1 at PageID.4.) Plaintiff alleged that his continued confinement in administrative segregation exacerbates his manic major depression and rheumatoid arthritis. (*Id.*) Plaintiff alleged that Defendants Heyns and Smith are liable for the alleged violation because they failed to develop and implement policies to provide meaningful periodic review for the release of inmates of classified to ICP and serving indefinite solitary confinement into the general prison population. (*Id.*)

      Defendants moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies against Defendant Heyns prior to filing the instant lawsuit. Defendants also argued that Defendant Smith is entitled to summary judgment because Plaintiff failed to demonstrate the subjective component of Plaintiff's Eighth Amendment claim. On August 22, 2016, Magistrate

Judge Kent issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment. In addition, Magistrate Judge Kent recommended that the Court deny Plaintiff's motion to amend to include a new count and an additional plaintiff, Richard Goolard.[1] (ECF No. 27.)

Plaintiff has filed a motion for an extension of time to file an objection to the R & R, and a proposed Objection. The Court will grant Plaintiff's motion for an extension of time to file an objection. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Plaintiff's complaint dismissed.

First, Plaintiff argues that the magistrate judge erred in his R & R by failing to consider Plaintiff's summary judgment motion included in Plaintiff's response. Plaintiff's argument fails because, as the magistrate correctly noted, Plaintiff did not file a separate motion, as required by Federal Rule of Civil Procedure 7(b)(1) and Western District of Michigan Local Civil Rule 7.1. "While a pro se party is entitled to have his pleadings be construed liberally, he will not be relieved of the responsibility to comply with the basic rules of court." *Creasy v. Jones*, No. 97-5752, 1998 WL 384584, at *1 (6th Cir. June 19, 1998). Moreover, in addressing Defendants' motion, the magistrate judge fully considered the arguments that Plaintiff raised in his response. Therefore, the magistrate judge did not refuse to entertain Plaintiff's response.

---

[1] The magistrate judge found it unnecessary to address Defendant Smith's qualified immunity argument. (ECF No. 27 at PageID.442 n.3.)

Second, Plaintiff argues that the magistrate judge erred in concluding that Plaintiff failed to exhaust because, even if his grievance against Defendant Heyns was "procedurally faulty," it was accepted on the merits. (ECF No. 29 at PageID.452–53.) However, there is no question that Plaintiff failed to name Defendant Heyns in his grievance. Plaintiff's failure to name Defendant Heyns in a grievance that he appealed through Step III is not proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 922 (2007) (stating that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable rules . . . defined not b the PLRA, but by the prison grievance process itself") (internal quotation marks omitted); *see also Taylor v. Smith*, No. 2:14-CV-175, 2015 WL 9810100, at *2 (W.D. Mich. Oct. 13, 2015) (noting that the plaintiff's failure to name each defendant in a grievance exhausted through Step III in accordance with MDOC procedures before filing suit required dismissal for lack of exhaustion); *Garren v. Prisoner Health Servs.*, No. 11-14650, 2012 WL 4450495, at *4 (E.D. Mich. Aug. 6, 2012) ("Notably, to exhaust a claim against a defendant, a plaintiff must specifically name that defendant at Step I of the grievance process.").

Next, Plaintiff argues that, regardless of whether Defendant Smith actually engaged in any wrongdoing, Plaintiff alleges that Defendant Smith is liable for violating Plaintiff's Eighth Amendment rights because he failed to implement meaningful review for the release of ICP inmates. However, as the magistrate judge correctly noted, Plaintiff did not grieve this issue against Defendant Smith. Instead, Plaintiff only grieved the failure to release Plaintiff into the general population. (ECF No. 27 at PageID.441; ECF No.327.) Thus, the magistrate judge correctly recommended summary judgment on the claim Plaintiff alleges.

Finally, Plaintiff takes issue with the magistrate judge's recommendation to deny Plaintiff's motion to amend. Having reviewed the magistrate judge's reasoning, however, the Court concurs

3

with the magistrate judge that allowing Plaintiff to add a co-plaintiff and file a joint amended complaint would create logistical and legal complications.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 22, 2016 (ECF No. 27) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 8) is **GRANTED**, Plaintiff's Motion for Leave to Amend (ECF No. 24) is **DENIED**, Plaintiff's Motion for Extension of Time (ECF No. 28) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.


Dated: September 29, 2016            /s/ Gordon J. Quist            
                        GORDON J. QUIST
                        UNITED STATES DISTRICT JUDGE